IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:19CV00856 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| 112 CONRAD STREET, THOMASVILLE, | : | |
| DAVIDSON COUNTY, NORTH CAROLINA, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, | : | |
| | : | |
| and | : | |
| | : | |
| 4004 DONEGAL DRIVE, GREENSBORO, | : | |
| GUILFORD COUNTY, NORTH CAROLINA, | : | |
| WITH ALL APPURTENANCES AND | : | |
| IMPROVEMENTS THEREON, | : | |
| Defendants. | : | |

## VERIFIED COMPLAINT OF FORFEITURE

NOW COMES Plaintiff, United States of America, by and through Matthew G.T.

Martin, United States Attorney for the Middle District of North Carolina, and respectfully

states as follows:

1.      This is a civil action in rem brought to enforce the provisions of 18 U.S.C. §

981(a)(1)(A) and (C) for the forfeiture of the aforesaid defendant real properties which

were involved in transactions or attempted transactions in violation of Title 18, United

States Code, Section 1956(a)(1)(B)(i) and/or Title 18, United States Code, Section 1957,

or constitute or were derived from proceeds traceable to an offense constituting specified

unlawful activity as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such

offense, including but not limited to, a violation of 18 U.S.C. § 1343 (wire fraud).

2.     The defendant properties are as follows:

a.     All that certain lot or parcel of land known as 112 Conrad Street, Thomasville, Davidson County, North Carolina, with all appurtenances and improvements thereon, and more particularly described as follows:

> BEING LOTS NUMBERS 14, 15, 16, AND 17 IN COLLETT HEIGHTS, A SUBDIVISION IN THOMASVILLE, NC, PROPERTY OF J.C. COLLETT AND J. S. CONRAD, A PLAT OF THE SAME BEING DULY RECORDED IN THE OFFICE OF THE REGISTER OF DEEDS FOR DAVIDSON COUNTY, NORTH CAROLINA, IN PLAT BOOK 6, PAGE 74.

(See Exhibit A-1 attached hereto).    The record title holder of the subject real property is Steve Alan Sloan.    The property was acquired on or about February 23, 2016, by North Carolina General Warranty Deed recorded in the Davidson County Register of Deeds at Book 2212, Pages 268-269.

b.     All that certain lot or parcel of land known as 4004 Donegal Drive, Greensboro, Guilford County, North Carolina, with all appurtenances and improvements thereon, and more particularly described as follows:

> BEING ALL of Lot 131, Shannon Hills Subdivision, Section 1, Map 2, as per plat thereof recorded in Plat Book 31, Page 31, of the Guilford County, North Carolina Registry.

(See Exhibit A-2 attached hereto).    The record title holder of the subject real property is Steve Sloan.    The property was acquired on or about June 11, 2018, by North Carolina General Warranty Deed recorded in the Guilford County Register of Deeds at Book 8056, Pages 2015-2018.

3.      Plaintiff brings this action <u>in rem</u> in its own right to forfeit and condemn the defendant real properties.   This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.      This Court has venue pursuant to 28 U.S.C. § 1355(b)(1) and 1395.

5.      The defendant real properties have not been seized but are located in this district, and one or more of the acts giving rise to forfeiture occurred in this district.   The United States of America does not request authority from the Court to seize the defendant properties at this time.   The United States will, as provided by 18 U.S.C. § 985(b) and (c)(1):

a.      post notice of this action and a copy of the Complaint on the defendant real property;

b.      serve notice of this action on the defendant real property's owner and any other person or entity who may claim interest in the defendant real property; and

c.      file a Lis Pendens in the county records of the property status as a defendant in this action.

6.      The facts and circumstances supporting the forfeiture of the defendant real properties is contained in Exhibit A, attached hereto and wholly incorporated herein by reference.

WHEREFORE, the United States of America prays that judgment be entered declaring the defendant properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 23rd day of August, 2019.

Respectfully submitted,

MATTHEW G.T. MARTIN
United States Attorney


/s/Lynne P. Klauer
Lynne P. Klauer
Assistant United States Attorney
NCSB #13815
101 S. Edgeworth Street, 4th Floor
Greensboro, NC 27401
Phone: (336) 333-5351
Email: lynne.klauer@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Jared M. Peck, Special Agent
U.S. Treasury Department
Internal Revenue Service
Criminal Investigation

<u>**DECLARATION**</u>

I, Jared Peck, hereby state, pursuant to 28 U.S.C. § 1746, under penalty of perjury and pursuant to the laws of the United States, that the following is true and correct to the best of my knowledge, information, and belief:

<u>**INTRODUCTION**</u>

1.      I am a Special Agent with Criminal Investigation ("CI") of the Internal Revenue Service ("IRS"), United States Treasury Department and a "federal law enforcement officer" within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure.   My duties include investigations of alleged criminal violations relating to the Internal Revenue Code (Title 26, United States Code) and Financial Transaction Money Laundering (Title 18, United States Code, Sections 1956 and 1957).   As a Special Agent, I have conducted or participated in a number of investigations of alleged criminal violations of the above-stated statutes.

2.      I have been a special agent with the Internal Revenue Service since September 2016.  I am a graduate of Virginia Polytechnic Institute & State University ("Virginia Tech") with a bachelor's degree in business and the University of North Carolina at Greensboro with a master's degree in accounting.  I have been a certified public accountant ("CPA") licensed in North Carolina since 2015.  I am a graduate of the Criminal Investigator Training Program and the Special Agent Investigative Techniques program at the Federal Law Enforcement Training Center in Glynco, Georgia.  I have additional law enforcement training as a graduate of the United States Army Military Police

School ("USAMPS") Advanced Individual Training course, Basic Officer Leader Course, and Captains Career Course. I have served as a military police officer in the United States Army Reserve, including service in Afghanistan, since April 2002.

3. This declaration is submitted in support of a Verified Complaint of Forfeiture for the following pieces of real property:

      a.     112 Conrad Street, Thomasville, Davidson County, North Carolina; and

      b.     4004 Donegal Drive, Greensboro, Guilford County, North Carolina.

The facts and information contained in this declaration have been obtained from an ongoing investigation and are based on my personal knowledge, as well as information obtained from witness interviews and other law enforcement agents involved in the investigation.

4. Based on the information set forth in this declaration, there is a reasonable basis to believe the real properties identified in paragraph 3 above are subject to forfeiture pursuant to Title 18, United States Code, Section 981, as they represent proceeds of a specified unlawful activity and/or property involved in transactions in violation of Title 18, United States Code, Sections 1956 and 1957. This declaration does not include all of the information gathered thus far in the investigation.

## SUMMARY OF INVESTIGATION

5. I am currently investigating allegations that Steve Alan Sloan ("Sloan") is engaged in an ongoing fraudulent scheme to financially exploit an elderly woman — hereinafter identified by the initials E.W. — personally and through his

2

business Total Lawn & Landscaping ("Total Lawn & Landscaping"). Specifically, our investigation has revealed that from at least January 2014 through May 1, 2019, E.W. has written more than 350 checks to Sloan or Total Lawn & Landscaping in excess of $1,585,000. These payments amount to more than four times the value of the E.W.'s home. In particular, as set forth below, there is probable cause to believe that Sloan has obtained payments from E.W. under fraudulent pretenses or representations, with the purpose of utilizing monies for his own personal enrichment. Below is a summary of payments from E.W. to Sloan or Total Lawn & Landscaping from 2014 through 2019.

| Year | Amount |
|---|---|
| 2014 | $183,835.00 |
| 2015 | $297,300.00 |
| 2016 | $307,987.50 |
| 2017 | $388,225.00 |
| 2018 | $346,329.50 |
| 2019 | $61,485.00 |
| **TOTAL** | **$1,585,162.00** |

6. E.W. is an 86 year old resident of Guilford County, North Carolina. On June 21, 1982, she and her then husband purchased a 3,100 square foot single family dwelling in a residential neighborhood in Greensboro, North Carolina. The lot size for the single family dwelling is less than one-half acre. E.W. was widowed on March 9, 2014. According to Guilford County records, the home is valued at $323,600.

3

7.      Sloan is a 61 year old male.   DMV records list his home address as 132 Wall Avenue, Hoffman, North Carolina, 28347.   Sloan also owns properties in Greensboro and Thomasville, North Carolina.   Surveillance of these properties indicate that Sloan likely resides at 112 Conrad Street, Thomasville, North Carolina.   Sloan owns and operates a lawn and landscaping business, Total Lawn & Landscaping.

8.      Total Lawn & Landscaping is a lawn and landscaping business with customers in Greensboro and Chapel Hill, North Carolina.   On August 28, 2017, a North Carolina limited liability company was formed under the name of "Total Lawn & Landscaping Pros, LLC."   Sloan and his two children—Natarsha Sloan Cole and Steve A. Sloan, Jr.—were identified as company officials.   Company records also identify the mailing address and principal office location for this business is 611 Summit Ave, Greensboro, NC 27405.   No changes were noted as of the latest filing made July 23, 2018.

9.      Your declarant obtained and reviewed bank records for accounts in the names of "Steve Alan Sloan DBA Total Lawn and Landscaping," "Steve A Sloan," and/or E.W., including, but not limited to, the following:

(a)      First National Bank of Pennsylvania Account No.: ending in x4952
         Name(s) on account:   STEVE ALAN SLOAN DBA TOTAL LAWN AND
         LANDSCAPING
         Opened: August 3, 2011 (formerly Newbridge Bank)
         Signatories on Account:
                 Steve Alan Sloan DBA
                 Natarsha Cole (signer only, updated November 23, 2016)

(b)      Wells Fargo Account No.: ending in x4745
         Name(s) on account:   Steve A Sloan
         Opened:   January 18, 2019

4

Signatories on Account:
        Steve A Sloan

(c)     U.S. Trust (Bank of America) Account No.: ending in x4030
        Name(s) on account: E.W.
        Opened: June 2, 1987 (formerly NCNB)
        Signatories on Account:
                E.W.

(d)     U.S. Trust (Bank of America) IRA Account No.: ending in x9076
        Name(s) on account: E.W.

10.     As part of our investigation, on August 13, 2019, law enforcement conducted an interview with a former Bank of America employee who was previously assigned as a trust officer on E.W.'s Bank of America Trust Account ending in x9076 ("BoA Trust Account").   The former trust officer recalled that he and other bank officials assigned to the BoA Trust Account spoke with E.W. about the excessive distributions from her account.   According to the former trust officer, these distributions were usually made following urgent requests from E.W.   The former trust officer remarked that E.W. seemed older, but able to handle her affairs.   He recalled that E.W. said a spring was leaking water under her home.   However, when pressed, she put up her guard and did not want to talk about it further.   During the interview, he noted that the amount being spent on landscaping was more than the house was worth.   As a result of these communications with E.W., the team assigned to E.W.'s BoA Trust Account sent the matter forward to Bank of America's Fraud and Financial Crimes Section.

11.     Analysis of the records obtained from the above-listed accounts from January 7, 2014 through May 1, 2019 reveals more than 350 checks drawn on Bank of America

5

Account No. ending x4030 issued to E.W. (hereinafter "BoA Checking Account"), and payable to Steve Sloan or Total Lawn & Landscaping. In many cases, prior to writing checks payable to Sloan or Total Lawn & Landscaping, E.W. transferred assets from investment accounts by interstate bank wire transfer to her BoA Checking Account.

12. Bank analysis of E.W.'s BoA Checking Account for 2018 found she received monthly income from the Social Security Administration and a Mass Mutual annuity. Total annual income received by E.W. was $68,326.32 compared to total payments of $349,629.50 she paid to Steve Sloan or Total Lawn & Landscaping over the same period. In 2018, E.W. made total disbursements of $507,816.65 from her BoA Trust Account. These disbursements brought E.W.'s ending balance to $0.03 at the end of 2018.

13. Bank analysis performed on Sloan's First National Bank account ending in x4952 ("First National Account") and Wells Fargo bank account ending x4745 ("Wells Fargo Account") found approximately 100 likely customers making payments from January 2017 to May of 2019. Payments from E.W. totaled $796,039.50 for the period compared to total payments of $167,922.00 from all other customers.

14. Bank analysis found that check payments from other clients of Total Lawn & Landscaping often reference invoice information. For example, check 2287, dated January 8, 2018, and payable to Total Lawn & Landscaping in the amount of $160, included a memo note for "Dec. 2017 Invoice." Check 985177, dated April 5, 2018, and payable to Total Lawn & Landscaping Pros in the amount of $900, included a memo note for "3/13/2018 INVOICE." Check 9681, dated May 27, 2017, and payable to Total Lawn

6

& Landscaping in the amount of $350, included a memo note for "Acct paid in full Inv May 25, 2017."

15. Bank analysis reveals that none of the checks from E.W. to Total Lawn & Landscaping reference invoices; however, several checks include a note on the memo line that appear to describe services allegedly rendered by Total Lawn & Landscaping. For example, check number 1384, drawn on E.W.'s BoA Checking Account, dated June 14, 2018 and payable to Total Lawn & Landscaping in the amount of $19,000, included a note for "Landscaping & Water." Three checks are dated September 21, 2018, and payable to Total Lawn & Landscaping: check number 1459 in the amount of $4,000, notes "Maintenance," and check numbers 1460 and 1461 in the amount of $18,500 each, note "Crawl Space Water." Check number 1477, dated October 26, 2018, and payable to Total Lawn & Landscaping in the amount of $16,000, included a note for "Weather & Water Damage."

16. The Guilford County Real Property Data report for E.W.'s residence reflects a remodel in 2011. No miscellaneous improvements to the residence are reflected on the county website for 2014 through 2019.

17. On August 8, 2019, your declarant observed E.W.'s home. The lot size is approximately one-half acre or less with landscaping typical of other houses in the neighborhood. A small brick privacy screen obscures the view of the rear yard from both directions. No extensive landscaping or expensive looking hardscapes were observed.

18.     Since this investigation began, Sloan's Chevrolet Silverado has been observed at E.W.'s residence on multiple occasions; however, landscaping or repair equipment was not observed.

19.     Your declarant researched the North Carolina Licensing Board for General Contractors and found there is no record of any form of licensure (valid, invalid, or archived) for Sloan or Total Lawn & Landscaping.

20.     Bank analysis did not find any evidence of check or wire payments by Sloan or Total Lawn & Landscaping to subcontractors.   In addition, no evidence of payroll to employees was identified.

21.     By contrast, bank analysis of Sloan's First National Account for 2017 through 2018 reveals what appear to be personal expenditures, including:

(a)     "StubHub, Inc." for $272.60;

(b)     "GA Atlanta Fox Theatre Events" for $217;

(c)     "UNC CH Athletics" for $1,445;

(d)     "Glamour Nails Myrtle Beach SC" for $35;

(e)     "Johnston & Murph Greensboro NC" for $387.48;

(f)     "The Mens Wearhou Greensboro NC" for $1,331.37;

(g)     "JosABank Clothie Myrtle Beach SC" $737.27; and

(h)     "BR Factory US 19 Mebane NC" $465.36.

22.     The investigation has revealed that Sloan has made numerous high value purchases over the course of the alleged fraud, including two properties and five vehicles.

8

According to public records, Sloan purchased the following assets between February 2016 and May 2019:

| Date Purchased | Assets | Amount |
|---|---|---|
| 02/22/2016 | 112 Conrad Street, Thomasville, NC 27360 | $115,111.74 |
| 06/11/2018 | 4004 Donegal Drive, Greensboro, NC 27406 | $62,000.00 |
| 06/15/2018 | 2015 Mercedes Benz S 550 | $56,000.00 |
| 07/08/2018 | 2016 Chevrolet Silverado | $39,158.00 |
| 11/26/2018 | 2017 Yukon Denali | $55,088.00 |
| 12/28/2018 | 2008 Mercedes Benz R350 | $10,000.00 |
| 05/24/2019 | 2005 Chevrolet Corvette Convertible | $20,990.00 |
| **TOTAL** | | **$358,347.74** |

23.     Bank analysis reveals that these purchases were made immediately following or shortly after significant payments from E.W. to Sloan or Total Lawn & Landscaping.

## DEFENDANT REAL PROPERTIES

24.     Between January 4, 2016 and January 20, 2016, E.W. wrote ten checks payable to Sloan in the amount of $9,800 each.   Five additional checks ranging from $110 to $5,000 were written payable to Sloan between January 27, 2016 and February 9, 2016. These checks, written over an approximately five week time period, totaled $112,910.   On February 19, 2016, a Wire Request Form reflects Steve A. Sloan originated a wire totaling $115,111.74.   The beneficiary was "Law Office of Richard R Foust PA."   Wire instructions include handwritten notes indicating "Wiring Instructions for Steve A. Sloan,"

9

and "Closing 2/22 @ 10:00 a.m." Davidson County Register of Deeds records reflect that Sloan purchased a residential property at 112 Conrad Street, Thomasville, North Carolina, on February 22, 2016, for approximately $115,000.

25.     Between March 1, 2018 and June 7, 2018, Sloan received sixteen checks from E.W. payable to Sloan or Total Lawn & Landscaping, totaling $120,160. On June 5, 2018, check no. 1755 was issued payable to Bennett Horner Wilhoit in the amount of $500. The memo indicated "Deposit 4004 Donegal." On June 7, 2018, $61,500 was wired from the same bank account to "Bennett Norner [sic] Wilhoit PLLC Real" for Steve Alan Sloan, 4004 Donegal Drive, Greensboro, North Carolina. The obligation was noted as real estate closing. Guilford County Register of Deeds records reflect that Sloan purchased a residential property located at 4004 Donegal Drive, Greensboro, North Carolina, on June 11, 2018, for $62,000. The totality of the funds received from E.W. during the relevant time period was sufficient to purchase the property, with a remainder of $58,160.

## CONCLUSION

26.     Based on the foregoing information, there is a reasonable basis to believe that between at least January 1, 2014 and May 2019, Sloan defrauded more than $1,585,000 from E.W. to support his lifestyle.

27.     Based on my training and experience and the investigation described above, I submit there is a reasonable basis to believe that the real properties identified in paragraph 3 above are subject to forfeiture pursuant to Title 18, United States Code, Section 981, as

10

they represent property involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957, or constitute or were derived from proceeds traceable to a specified unlawful activity, including but not limited to, 18 U.S.C. § 1343 (wire fraud).

This the **23** day of August, 2019.

Jared M. Peck, Special Agent
U.S. Treasury Department
Internal Revenue Service
Criminal Investigation

11

## NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax: 230.00

Parcel Identifier No. 16-128-0-006-0014 Verified by _____ County on the ____ day of_____, 20 __
By:_____

Mail/Box to: Grantee:_____

This instrument was prepared by: RICHARD R. FOUST, 204 MUIRS CHAPEL RD., STE. 102, GREENSBORO, NC _____

Brief description for the Index: LOT  14, 15, 16, & 17,  COLLETT HEIGHTS_____

THIS DEED made this  22nd  day of _____February_____, 20 16 , by and between

| GRANTOR | GRANTEE |
|---|---|
| SHANELL MARTIN AMEZQUITA and MARTIN AMEZQUITA VAZQUEZ 1403 FERNWOOD DR. HIGH POINT, NC 27262 | STEVE ALAN SLOAN 112 CONRAD STREET THOMASVILLE, NC 27360 |

Enter in appropriate block for each Grantor and Grantee:  name, mailing address, and, if appropriate, character of entity, e.g. corporation or partnership.

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot, parcel of land or condominium unit situated in the City of _____THOMASVILLE_____, _____ Township, _____DAVIDSON_____ County, North Carolina and more particularly described as follows:

BEING LOTS NUMBERS 14, 15, 16,  AND 17 IN COLLETT HEIGHTS, A SUBDIVISION IN THOMASVILLE, NC, PROPERTY OF J.C. COLLETT AND J. S. CONRAD, A PLAT OF THE SAME BEING DULY RECORDED IN  THE OFFICE OF THE REGISTER OF DEEDS FOR DAVIDSON COUNTY, NORTH CAROLINA, IN PLAT BOOK 6, PAGE 74.

The property hereinabove described was acquired by Grantor by instrument recorded in Book _____ page _____.
All or a portion of the property herein conveyed ___ includes or  X  does not include the primary residence of a Grantor.

A map showing the above described property is recorded in Plat Book _____ page _____.

Page 1 of 2

NC Bar Association Form No.  3 © 1976, Revised © 1977, 2002, 2013          This standard form has been approved  by:
Printed by Agreement with the NC Bar Association – 1981          North Carolina Bar Association – NC Bar Form No. 3



GOVERNMENT
EXHIBIT
A-1
_____

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever, other than the following exceptions:
SUBJECT TO ANY EASEMENTS, RESTRICTIONS AND RIGHTS OF WAY OF RECORD, IF ANY.

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing as of the day and year first above written.

_____    _Shanell Martin Amezquita_____ (SEAL)
(Entity Name)    Print/Type Name: SHANELL MARTIN AMEZQUITA
By:_____

_____    _Martin Amezquita Vezquez____ (SEAL)
Print/Type Name & Title:_____    Print/Type Name: MARTIN AMEZQUITA VAZQUEZ

By:_____    _____ (SEAL)
Print/Type Name & Title:_____    Print/Type Name:_____

By:_____    _____ (SEAL)
Print/Type Name & Title:_____    Print/Type Name:_____

State of _North Carolina_____ - County or City of _DAVIDSON_____
I, the undersigned Notary Public of the County or City of _DAVIDSON_____ and State aforesaid, certify that
SHANELL MARTIN AMEZQUITA and MARTIN_____ personally appeared before me this day and acknowledged the due execution of the foregoing instrument for the purposes therein expressed. Witness my hand and Notarial stamp or seal this 22nd day of
February_____ , 20_16_.

LINDA T. JONES
NOTARY PUBLIC
My Commission Expires: _November 22, 2020_ Guilford County
(Affix Seal)    North Carolina
My Commission Expires Nov. 22, 2020    _Linda T. Jones_ Notary Public
   Notary's Printed or Typed Name

State of _____ - County or City of _____
I, the undersigned Notary Public of the County or City of _____ and State aforesaid, certify that
_____ personally appeared before me this day and acknowledged the due execution of the foregoing instrument for the purposes therein expressed. Witness my hand and Notarial stamp or seal this _____ day of
_____, 20___.

My Commission Expires: _____    _____ Notary Public
(Affix Seal)    Notary's Printed or Typed Name

State of _____ - County or City of _____
I, the undersigned Notary Public of the County or City of _____ and State aforesaid, certify that
_____ personally came before me this day and acknowledged that
_he is the _____ of _____, a North Carolina or
_____ corporation/limited liability company/general partnership/limited partnership (strike through the inapplicable), and that by authority duly given and as the act of such entity, __he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this _____ day of _____, 20___.

My Commission Expires: _____    _____ Notary Public
(Affix Seal)    Notary's Printed or Typed Name

NC Bar Association Form No. 3 © 1976, Revised © 1977, 2002, 2013    This standard form has been approved by:
Printed by Agreement with the NC Bar Association – 1981    North Carolina Bar Association – NC Bar Form No. 3



BK: R 8056
PG: 2015-2018
RECORDED:     2018030060
06-11-2018     **GUILFORD COUNTY, NC**
02:29:03 PM     **JEFF L. THIGPEN**
BY: TERESA STEELMAN    **REGISTER OF DEEDS**
DEPUTY-GB

NC FEE $26.00
STATE OF NC
REAL ESTATE
EXTX $124.00

4

| Excise Tax $ 124.00 | Recording Time, Book and Page |
|---|---|

Tax Lot No. _____ Parcel No./PIN: **7852.75.1611**
Verified by _____ County on the ____ day of _____, 20 _____
by
~~Mail~~ after recording to: ~~p/u Wilhoit.~~ mail to grantee ✗

This instrument was prepared by: **Robert E. Wilhoit ~ Bennett Horner & Wilhoit, 200 Worth Street, Suite A, Asheboro, NC 27203**

Brief Description for the index

# NORTH CAROLINA GENERAL WARRANTY DEED

THIS DEED made **June 11, 2018**, by and between

| GRANTOR | GRANTEE |
|---|---|
| **Jimmy Dorsey Rogers, (Single)**<br>**by: Diane Lynn Rogers, Attorney in Fact**<br>**a 99% undivided interest**<br>&<br>**Diane Lynn Rogers (Free Trader)**<br>**a 1% undivided interest**<br><br>**of Guilford County, North Carolina** | **Steve Sloan (Single)**<br><br>**Property and Mailing Address:**<br>**4004 Donegal Drive**<br>**Greensboro, NC 27406** |

Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g., corporation or partnership.

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in the **Morehead Township, Guilford County, North Carolina** and more particularly described as follows:

**See Attached Exhibit "A"**



GOVERNMENT
EXHIBIT
A-2

**This transfer does include the primary residence of the Grantors.**

The property hereinabove described was acquired by Grantor by instrument recorded in **Deed Book 7881, Page 78, Guilford County Registry.**

A map showing the above described property is recorded in **Plat Book 31, Page 31.**

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever except for the exceptions hereinafter stated.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal, or if corporate, has caused this instrument to be signed in its corporate name by its duly authorized officers and its seal to be hereunto affixed by authority of its Board of Directors, the day and year first above written.

_____ (SEAL)

**Jimmy Dorsey Rogers**
**By: Diane Lynn Rogers, Attorney in Fact**

_____ (SEAL)

**Diane Lynn Rogers**

.



NORTH CAROLINA, **Randolph** County

I certify that the following person(s) personally appeared before me this day, each acknowledging to me that he voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated **Diane Lynn Rogers**

Date: 06/11/2018

Aubrey B. Hoag, Notary Public

My Commission Expires: **July 7, 2019**



NORTH CAROLINA, **Randolph** County

I, Aubrey B. Hoag, a Notary Public of the County and State aforesaid, do hereby certify that **Diane Lynn Rogers, Attorney in Fact** for **Jimmy Dorsey Rogers** personally came before me this day and acknowledged that he executed the foregoing North Carolina General Warranty Deed for and in behalf of Jimmy Dorsey Rogers and that his authority to execute and acknowledge said document is contained in an instrument duly executed, acknowledged, and recorded in the office of the **Register of Deeds of Guilford County, North Carolina in Book 7665 Page 1012,** and that this document was executed under and by virtue of the authority given by said instrument granting him power of attorney; that the said **Diane Lynn Rogers** acknowledged the due execution of the foregoing document for the purposes therein expressed for an in behalf of the said **Jimmy Dorsey Rogers**.

WITNESS my hand and notarial seal, this the __11__ day of June, 2018.

Date:    06/11/2018

Aubrey B. Hoag, Notary Public

My Commission Expires: 07/07/2019

Exhibit "A"
4004 Donegal Drive
Greensboro, NC 27406

BEING ALL of Lot 131, Shannon Hills Subdivision, Section 1, Map 2, as per plat thereof
recorded in Plat Book 31, Page 31, of the Guilford County, North Carolina Registry.

Diane Lynn Rogers and Lucas M. Horner executed a Separation Agreement in October,
2017 setting forth that each party is a free trader pursuant to NCGS § 39-13.4.